UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

ERIN MARGARET ENGLERT,

                         Plaintiff,

                                                 Case # 15-CV-564-FPG

v.

                                                 DECISION AND ORDER

CAROLYN W. COLVIN,
ACTING COMMISSIONER OF SOCIAL SECURITY,

                         Defendant.

      Erin Margaret Englert ("Englert" or "Plaintiff") brings this action to challenge the final decision of the Acting Commissioner of Social Security ("the Commissioner") that denied her application for Disability Insurance Benefits ("DIB") under Title II of the Social Security Act ("the Act"). ECF No. 1. This Court has jurisdiction pursuant to 42 U.S.C. § 405(g).

      Both parties have moved for judgment on the pleadings pursuant to Rule 12(c) of the Federal Rules of Civil Procedure. ECF Nos. 8, 10. For the reasons stated below, this Court finds that the Commissioner's decision is not in accordance with the applicable legal standards. Accordingly, Plaintiff's Motion is granted, the Commissioner's Motion is denied, and this matter is remanded to the Commissioner for further administrative proceedings.

## BACKGROUND

      On July 26, 2012, Englert filed an application with the Social Security Administration (the "SSA") for a period of DIB. Tr.[1] 67. She alleged that she had been disabled within the meaning of the Act since November 8, 2011. Tr. 128. After her application was denied at the initial administrative level on September 28, 2012, a hearing was held before Administrative Law Judge Donald T. McDougall ("the ALJ") on November 22, 2013, in which the ALJ

---

[1]     References to "Tr." Are to the administrative record in this matter.

1

considered Englert's application *de novo*. Tr. 68, 91. Englert appeared at the hearing with her attorney and testified. Tr. 23-57. Jay A. Steinbrenner, a Vocational Expert ("the VE"), also testified. Tr. 52-56. On January 29, 2014, the ALJ issued a decision finding that Englert was not disabled within the meaning of the Act. Tr. 12-18. That decision became the Commissioner's final decision when the Appeals Council denied Englert's request for review on April 27, 2015. Tr. 1-5. Englert timely commenced this action on June 25, 2015 to seek review of the Commissioner's final decision. ECF No. 1.

## LEGAL STANDARD

### I. District Court Review

This Court's review of an ALJ's decision is "limited to determining whether the SSA's conclusions were supported by substantial evidence in the record and were based on a correct legal standard." *Talavera v. Astrue*, 697 F.3d 145, 151 (2d Cir. 2012) (internal quotation marks omitted). The Act specifies that the Commissioner's factual findings are conclusive if supported by substantial evidence. 42 U.S.C. § 405(g). "Substantial evidence means more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Moran v. Astrue*, 569 F. 3d 108, 112 (2d Cir. 2009) (internal quotation marks omitted). Accordingly, it is not this Court's role to "determine *de novo* whether [the claimant] is disabled." *Schaal v. Apfel*, 134 F.3d 496, 501 (2d Cir. 1998) (internal quotation marks omitted).

### II. Disability Determination

The Act defines disability as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which . . . has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. §

423(d)(1)(A). The SSA has promulgated a five-step sequential evaluation for determining whether a person is disabled within the meaning of the Act. *See Bowen v. City of New York*, 476 U.S. 467, 470-71 (1986).

At step one, the ALJ must determine whether the claimant is engaged in substantial gainful work activity. *See* 20 C.F.R. § 404.1520(b). If so, then the claimant is not disabled. If not, the ALJ proceeds to step two to determine whether the claimant has an impairment, or combination of impairments, that is "severe" within the meaning of the Act, meaning that it imposes significant restrictions on the claimant's ability to perform basic work activities. 20 C.F.R. § 404.1520(c). If the claimant does not have a severe impairment or combination of impairments, then the claimant is not disabled. If the claimant does, the analysis continues.

At step three, the ALJ examines whether a claimant's impairment meets or equals the criteria of a listed impairment in Appendix 1 of Subpart P of Regulation No. 4 ("the Listings"). If the impairment meets or medically equals the criteria of a Listing and meets the durational requirement (20 C.F.R. § 404.1509), the claimant is disabled. If not, the analysis proceeds to step four, and the ALJ determines the claimant's residual functional capacity ("RFC"), which is the ability to perform physical or mental work activities on a sustained basis, notwithstanding limitations for the collective impairments. *See* 20 C.F.R. § 404.1520(e)-(f). The ALJ then determines whether the claimant's RFC permits him or her to perform the requirements of his or her past relevant work. If he or she can, then the claimant is not disabled. If the claimant cannot, the analysis proceeds to the fifth and final step, wherein the burden shifts to the Commissioner to show that the claimant is not disabled. To do so, the Commissioner must present evidence that the claimant "retains a residual functional capacity to perform alternative substantial gainful work which exists in the national economy" in light of the claimant's age, education, and work

experience. *See Rosa v. Callahan*, 168 F.3d 72, 77 (2d Cir. 1999) (internal quotation marks omitted); *see also* 20 C.F.R. § 404.1560(c).

## DISCUSSION

### I. The ALJ's Decision

In this case, the ALJ followed the five-step evaluation described above. At step one, the ALJ found that Englert had not engaged in substantial gainful activity since November 8, 2011. Tr. 14. At step two, the ALJ found that Englert had the following severe impairment: cardiomyopathy with dyspnea on exertion. Tr. 14. At step three, the ALJ found that Englert's above-mentioned impairments did not meet or medically equal the severity of the impairments in the Listings. Tr. 14.

Next, the ALJ determined that Englert retained the RFC to perform the full range of sedentary work[2]. Tr. 15. Proceeding to step four, the ALJ relied on the VE's testimony and found that Englert's RFC prevents her from performing her past relevant work as a lunch truck driver. Tr. 17. Finally, at step five the ALJ also relied on the VE's testimony and determined that Englert is capable of making a successful adjustment to other work that exists in significant numbers in the national economy given her RFC, age, education, and work experience. Therefore, the ALJ concluded that Englert was not disabled under the Act. Tr. 18.

### II. Analysis

Englert argues that the ALJ failed to adequately develop the record because the only medical opinion available was from a state agency physician who conducted a non-examining review of Plaintiff's incomplete medical record. ECF No. 8, at 15. Specifically, she argues that

---

[2] *See* 20 C.F.R. § 404.1567(a): "Sedentary work involves lifting no more than 10 pounds at a time and occasionally lifting or carrying articles like docket files, ledgers, and small tools. Although a sedentary job is defined as one which involves sitting, a certain amount of walking and standing is often necessary in carrying out job duties. Jobs are sedentary if walking and standing are required occasionally and other sedentary criteria are met."

the ALJ erred when he conferred "significant weight" to the non-examining opinion of state agency physician Dr. Gurcharan Singh because it was performed without the benefit of medical reports from May 2012 through January 2014[3]. Tr. 17; ECF No. 8, at 15; Tr. 619. Thus, Englert maintains that the RFC determination by the ALJ is not supported by substantial evidence. ECF No. 8, at 20. The Court agrees.

A non-examining, expert medical opinion based on review of a claimant's incomplete medical history does not offer a basis to find the substantial evidence necessary to uphold an ALJ's decision in a disability determination. *Pratts v. Chater*, 94 F.3d 34, 38 (2d Cir. 1996). In *Pratts*, the record was inadequate to support a denial of benefits because the claimant's initial diagnosis, treatment notes comprising a thirteen month period, lab results, and medication lists were missing from the medical history reviewed by the non-examining medical expert called by the SSA. *Id.* The Second Circuit concluded that when the only expert testimony available to the ALJ to refute a claimant's assertion of disabling pain and illness is based on an "incomplete medical history and an expert opinion rendered from it," there is no basis to find substantial evidence to uphold the ALJ's decision. *Id.*

Here, the ALJ assigned "significant weight" to Dr. Singh's non-examining opinion that was based upon an incomplete medical record. Although Dr. Singh's RFC assessment was completed on January 31, 2013, the latest medical record available to him was from May 23, 2012. Tr. 253, 378. There is a significant amount of medical evidence after May 2012 through January 2014 that could have affected Dr. Singh's RFC assessment and the ALJ's ultimate decision. Like in *Pratts*, where the only expert medical testimony available was based on the review of an incomplete medical record, Dr. Singh's expert testimony, also the only expert medical opinion testimony available in this case, is based on an incomplete medical record.

---

[3] This opinion addresses the evidence before the ALJ at the time he issued his decision on January 29, 2014.

Therefore, Dr. Singh's opinion does not constitute substantial evidence to support the ALJ's decision.

In response, the Commissioner downplays the significance of the medical evidence unavailable to Dr. Singh when he made his RFC assessment by contending that "Plaintiff's treatment records after January 2013 demonstrate that her condition improved after the date of Dr. Singh's assessment." ECF No. 10, at 18. The Commissioner argues that Dr. Singh's opinion would not have been affected even if Dr. Singh had the additional medical evidence because "the subsequent medical evidence is consistent with Dr. Singh's opinion." ECF No. 10, at 18. Finally, the Commissioner contends that the ALJ properly afforded "significant weight" to Dr. Singh's non-examining opinion and that an "ALJ is not required to request a treating or examining opinion in every case." ECF No. 10, at 12.

While requests for medical opinions from a claimant's treating physician may assist in the ALJ's RFC determination, they are not always necessary: "remand is not always required when an ALJ fails in his duty to request opinions, particularly where . . . the record contains sufficient evidence from which an ALJ can assess the petitioner's residual functional capacity." *Tankisi v. Comm'r of Soc. Sec.*, 521 F. App'x. 29, 34 (2d Cir. 2013). Therefore, where the ALJ possesses a complete medical history, he or she is not obligated to seek further information before rejecting a DIB claim. *Rosa*, 168 F.3d at 79, n.5.

Yet, an ALJ's examination of the medical record is not plenary: "[A]n ALJ is not qualified to assess a claimant's RFC on the basis of bare medical findings, and as a result an ALJ's determination of RFC without a medical advisor's assessment is not supported by substantial evidence." *Dailey v. Astrue*, 2010 WL 4703599, at *11 (W.D.N.Y. Oct. 26, 2010) (quoting *Deskin v. Comm'r of Soc. Sec.*, 605 F. Supp. 2d 908, 912 (N.D. Ohio 2009)). The

Commissioner reserves "the final responsibility for deciding these issues" related to RFC determinations, 20 C.F.R. § 404.1527(d)(2), but the Commissioner's responsibility in making these determinations is limited: "[W]here the medical findings in the record merely diagnose [the] claimant's exertional impairments and do not relate those diagnoses to specific residual functional capabilities," the general rule[4] is that the Commissioner "may not make the connection himself." *Wilson v. Colvin*, No. 13-CV-6286P, 2015 WL 1003933, at *21 (W.D.N.Y. Mar. 6, 2015) (quoting *Deskin*, 605 F. Supp. 2d at 912).

Here, the ALJ placed "significant weight" on Dr. Singh's non-examining opinion, the only medical opinion that addressed Englert's functional capacity. The ALJ concluded that the "treatment evidence documents her condition but also documents fairly successful treatment for it, enough to allow her to do the minimal tasks required of sedentary-level jobs." Tr. 17. The issue, however, is that Dr. Singh's non-examining opinion was based on medical evidence only to May 23, 2012. ECF No. 12, at 14. Consequently, the medical evidence after May 23, 2012 through January 2014 lacks any expert opinion addressing Englert's functional capacity.

Thus, the ALJ erred by concluding that Englert's condition had improved notwithstanding the "obvious gap" in expert medical opinion concerning Englert's functional capacity after May 23, 2012. *See Suide v. Astrue*, 371 F. App'x 684, 690 (7th Cir. 2010) ("[W]hen an ALJ denies benefits, she must build an accurate and logical bridge from the evidence to her conclusion . . . and she is not allowed to 'play doctor' by using her own lay opinions to fill evidentiary gaps in the record.") (internal quotation marks omitted). Although the

---

[4] Under certain circumstances, such as when the medical evidence shows relatively minor physical impairment, "an ALJ permissibly can render a common sense judgment about functional capacity even without a physician's assessment." *Wilson*, 2015 WL 1003933, at *21 (quoting *House v. Astrue*, No. 5:11-CV-915, 2013 WL 422058, at *4 (N.D.N.Y. Feb. 1, 2013)). However, this Court concludes that those circumstances do not exist here because Englert has ongoing cardiac impairments such as nonischemic cardiomyopathy, subclinical hyperthyroidism, and peripartum cardiomyopathy. Tr. 629.

record from May 23, 2012 through January 2014 contains many treatment notes and clinical results, they generally contain bare medical findings and do not address how Englert's impairments affect her physical ability to perform work-related functions. Tr. 184-685. Therefore, the ALJ relied improperly on his own lay opinion when he analyzed the medical records unavailable for Dr. Singh's review. Neither this Court nor the ALJ is empowered to make medical conclusions about a claimant's physical condition where, as here, those medical records are limited to bare medical findings about a complex physical impairment.

It is an "ALJ's duty to investigate and develop the facts and develop the arguments both for and against the granting of benefits" because disability determinations are investigatory and not adversarial in nature. *Butts v. Barnhart*, 388 F.3d 377, 386 (2d Cir. 2004). This means that "where the transcript contains only diagnostic evidence and no opinion from a medical source about functional limitations . . . the ALJ must recontact the treating source, order a consultative examination, or have a medical expert testify at the hearing." *Gross v. Astrue*, No. 12-CV-6207P, 2014 WL 1806779, at *18 (W.D.N.Y. May 7, 2014) (quoting *Deskin*, 605 F. Supp. 2d at 912). Here, the ALJ failed to fully develop the record resulting in "obvious gaps" and an RFC assessment unsupported by substantial evidence. Therefore, remand is required to allow the ALJ to obtain a physical RFC assessment or medical source statement to supplement the gaps in the medical record.

## CONCLUSION

For the reasons stated above, Plaintiff's Motion for Judgment on the Pleadings (ECF No. 8) is GRANTED, the Commissioner's Motion for Judgment on the Pleadings (ECF No. 10) is DENIED, and this matter is REMANDED to the Commissioner for further administrative

proceedings consistent with this opinion. The Clerk of the Court is directed to enter judgment and to close this case.

    IT IS SO ORDERED.

Dated: July 8, 2016
       Rochester, New York

_____
HON. FRANK P. GERACI, JR.
Chief Judge
United States District Court